■ In the Matter of FREDERICA D. HIMMEL, Appellant, v STANLEY J. HIMMEL, Respondent. — Order, Family Court, New York County, entered July 31, 1979, granting petitioner wife support for herself and the two children of the marriage, and providing for custody and visitation, unanimously affirmed, without costs and disbursements. Order, Family Court, New York County, entered August 11, 1980, which, *inter alia,* provided that continued support allocated for the children be placed in a separate special account, unanimously affirmed, without costs and disbursements. Order, Family Court, New York County, entered August 27, 1980, unanimously modified, on the law, to the extent of reversing the provision that the Society for the Prevention of Cruelty to Children (SPCC) assist in arrangements for visitation and child support, and remanding for the purpose of a hearing to determine appropriate arrangements regarding visitation and for supervision of child support payments, and otherwise affirmed, without costs and disbursements. Petitioner-respondent wife removed the children from the jurisdiction of the Family Court to New Zealand in July, 1979, when she was evicted from her dwelling place, just a few days before the Family Court made its determination regarding support, custody and visitation. The children have not been returned to New York since that time although the wife has returned and appeared before the Family Court. In order to insure that the husband was complying with the August 11, 1980 order to make child support payments into a special account and to facilitate arrangements for the father to exercise his visitation rights (see *Weiss v Weiss,* 52 NY2d 170), the Family Court designated the Society for the Prevention of Cruelty to Children as the agency to so aid the parties, and assist the court in supervising support payments. Apparently there is no formal mechanism for collecting and supervising distribution of support payments between this jurisdiction and that where the children are located. As both petitioner and respondent point out, however, the SPCC is without authority, capability or personnel to comply with this order. We, therefore, reverse this portion of the order of August 27, 1980 and remand the matter to the Family Court for further consideration so that appropriate alternative provisions can be fashioned. Concur — Kupferman, J.P., Birns, Sandler and Bloom, JJ.